UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ORLANDO ZUNIGA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-6078 (SRC) |
| | : | |
| v. | : | |
| | : | **OPINION & ORDER** |
| WORLDWIDE FLIGHT SERVICES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss the Complaint for failure to state a valid claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Worldwide Flight Services, Inc. ("Worldwide"). For the reasons stated below, the motion will be denied.

Very briefly, the background is as follows. On October 21, 2008, Plaintiff filed a three-count Complaint in the Superior Court of New Jersey, Law Division: Essex County, asserting that, during his employment with Worldwide, he experienced unlawful and discriminatory treatment in violation of the New Jersey Law Against Discrimination ("NJLAD"), culminating in termination of his employment. On December 11, 2008, Worldwide removed the pending action to this Court. Worldwide has now moved to dismiss the Complaint for failure to state a valid claim for relief.

Worldwide argues that the Complaint should be dismissed because the statute of limitations on Plaintiff's claims has expired. The parties do not dispute that, under New Jersey

law, a two-year statute of limitations applies to Plaintiff's claims.  See Mancini v. Twp. of Teaneck, 179 N.J. 425, 431 (2004).  Worldwide argues that the Complaint alleges that Plaintiff was terminated effective June 1, 2006, more than two years prior to the filing of the Complaint in October of 2008.  Plaintiff responds that the statute of limitations did not begin to run on that date, but later, due to the operation of the discovery rule: a cause of action does not accrue until a reasonable person would be aware that his rights had been violated.  Plaintiff alleges that a reasonable person would not have been aware of the violation until November 7, 2006, when Worldwide informed him that he had been terminated as of June 1, 2006, and thus that the limitations period ended after the filing of the Complaint.

The parties dispute the application of the continuing violations doctrine and the discovery rule.  This Court need not reach those issues to decide the motion before it.  In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  Thus, for Worldwide to prevail on its motion to dismiss, it must persuade this Court that, construing the Complaint in the light most favorable to the plaintiff, there is no reasonable reading of the Complaint under which the plaintiff might be entitled to relief.  Worldwide has not carried this burden.

The Complaint does not specify a date or the circumstances of the termination.  Construing the Complaint in the light most favorable to Plaintiff, as this Court must, there is a reasonable reading of the Complaint under which the Plaintiff may be entitled to relief.  Worldwide has not persuaded otherwise.  The motion to dismiss for failure to state a claim will

be denied.

In arguing this motion, both parties have relied on factual assertions relating to accrual of the cause of action that are matters outside the Complaint. Significantly, Worldwide states incorrectly that the Complaint alleges that Plaintiff was discharged effective June 1, 2006; as noted above, the Complaint makes no such allegation. "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Issues depending on matters outside the pleadings may be resolved on summary judgment or at trial.

Lastly, Worldwide's argument fails under the Third Circuit law it cites in support: in Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002), the Third Circuit held: "the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." In the instant case, because no date of termination is alleged in the Complaint, the time alleged in the statement of the claim does not show that the cause of action has not been brought within the statute of limitations.

For the reasons above,

**IT IS** on this 2nd day of April, 2009,

**ORDERED** that the motion to dismiss for failure to state a valid claim by Defendant Worldwide Flight Services, Inc. (Docket Entry No. 5) is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge